IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY L. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:07-CV-1040-K |
| JOHN E. POTTER, Postmaster General, | § | |
| U.S. Postal Service, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for summary judgment by Defendant John E. Potter, Postmaster General of the United States (Doc. No. 26). The Court **GRANTS** the motion. The case is hereby **DISMISSED with prejudice**. Consequently, Plaintiff's Motion for Continuance of Trial Date (Doc. No. 35) is **DENIED as moot**.

I. Factual and Procedural Background

Plaintiff Terry L. Miller ("Miller") is an African-American woman employed by the United States Postal Service ("USPS") since 1977. In October 2005, Plaintiff applied for and was recommended by her supervisor for Corporate Succession Planning ("CSP"), a USPS program to identify employees to place in a pool for elevation to leadership positions. Separately, in April 2006, Plaintiff reached a settlement agreement with the USPS regarding a claim of race discrimination and received a human resources analyst position with the Postal Service. After reaching this settlement, Plaintiff states, she wanted to work on an Electronic Personnel Folders ("E-OPF") project but was rejected.

Plaintiff subsequently learned in July 2006 that she was not selected for CSP. On October 12, 2006, Plaintiff mailed a letter to a USPS Equal Employment Opportunity ("EEO") analyst stating that she believed the Postal Service had retaliated against her for the race discrimination complaint and thereby breached the prior settlement agreement. The USPS states that it received such a letter dated October 16, 2006, and forwarded forms to Plaintiff for pre-complaint counseling.

In the forms Plaintiff returned to the USPS, she alleged retaliation based on her earlier EEO complaint. She stated that she "became aware" of her alleged exclusion from CSP on September 6, 2006. Plaintiff then filed a formal EEO complaint on January 30, 2007, naming Pat Richter, national manager of EEO programs, and Susan LaChance, vice-president of employee development and diversity, as the responsible management officials. This complaint was dismissed by the Postal Service on March 21, 2007, finding Plaintiff's initial EEO contact was untimely under the requirements of 29 C.F.R. § 1614.105(1).

Plaintiff filed the present action in this Court on June 12, 2007, within ninety days of the dismissal of the EEO complaint as required by 29 C.F.R. § 1614. Miller alleges racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for both the denial of admission to the CSP pool and rejection from the E-OPF project.

II.     **Legal Standard**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id*. at 321–25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**III.　Analysis**

Under Title VII, an employer cannot fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII further prohibits discrimination against employees who have opposed an unlawful employment practice, made a charge of discrimination, or testified, assisted, or participated in any manner in an investigation or proceeding under the relevant statutes. 42 U.S.C. § 2000e-3(a).

Defendant seeks summary dismissal of all of Miller's claims, contending that she cannot raise a genuine issue of material fact with regard to any of the claims, and

therefore it is entitled to judgment as a matter of law. Specifically, Defendant claims that Plaintiff did not exhaust her administrative remedies before seeking relief from this Court and asserts that no equitable tolling of the statutory time limitation is appropriate. Thus, the Court reviews whether Plaintiff exhausted her administrative remedies and, if she did not, whether the statutory time bar should be equitably tolled.

### A. Plaintiff Failed to Exhaust Administrative Remedies

A federal employee claiming discrimination must contact an EEO counselor within forty-five days of the allegedly discriminatory conduct for the contact to be considered timely. 29 C.F.R. § 1614.105(a)(1). Specifically, the regulation requires that employees alleging discriminatory conduct initiate an EEO complaint "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* Failure to exhaust administrative remedies is not a jurisdictional bar to a Title VII suit, but may function like a statute of limitations. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982).

Plaintiff initiated her contact with an EEO counselor on October 16, 2006. Plaintiff states that she mailed a letter to a USPS EEO analyst four days earlier complaining of retaliation. Either way, Plaintiff's contact comes approximately ninety days after the July 14, 2006, date on which she admits she was notified she was not approved for the CSP pool. It is also some 130 days after the USPS sent an email on June 6, 2006, notifying her that she had not been selected for CSP.

Plaintiff states that she only learned the "who, what, where, and why" of her exclusion from the CSP program on September 6, 2006, making her claim timely

because that was the date she learned of a potential discriminatory *motive*. But it is undisputed that she learned of the alleged discriminatory *act* in June or July 2006, thus putting her EEO contact well outside the forty-five-day time bar. *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5 th Cir. 1992) ("The limitations period starts running when the plaintiff knows of the discriminatory act, not when the plaintiff perceives a discriminatory motive behind the act.").

Plaintiff's race and retaliation claim regarding the E-OPF project similarly fails because she did not exhaust administrative remedies. Plaintiff states that she learned she was being taken off the E-OPF project on September 6, 2006, and made EEO contact on October 1, 2006. At first blush, this would appear to fall well within the forty-five days allowed by statute. Yet Miller's EEO complaint never referred to the E-OPF program or her exclusion from it.

Plaintiff attempts to compare her situation with cases in which an employee simply failed to "check a certain box" on a complaint form. *See Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5 th Cir. 1970) (liberally construing discrimination claims when plaintiffs marked an incorrect box on a standardized form). Miller correctly checked the "race" and "retaliation" boxes on her form, however, then attached a two-page, single-spaced letter detailing the alleged discrimination and retaliation of her exclusion from the CSP program. As Plaintiff correctly notes, "the crucial element of a charge of discrimination is the factual statement contained therein." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003). All factual statements contained within Miller's EEO

complaint of October 2006 concerned the CSP program. In contrast, Plaintiff never once mentioned the E-OPF program. Reading the EEO complaint in the best light for Plaintiff, there appears to be an indirect reference to a breach of the earlier settlement agreement, by which she could be referencing her removal from the E-OPF program. The alleged breach of that settlement agreement is akin to a breach of contract, *see* 29 C.F.R. § 1614.504(a), and is not at issue in the present case. Plaintiff asks the Court to infer a stated claim for retaliation from her apparent indirect reference to an alleged breach of contract. Her belated addition of the E-OPF claim appears little more than a backdoor attempt to slide under the forty-five-day limit. Thus, Plaintiff failed to exhaust her administrative remedies with respect to both her CSP and E-OPF claims.

### B. Plaintiff is Not Entitled to Equitable Tolling

Because it functions "like a statute of limitations, [the statutory time requirement] is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393. Plaintiff asserts that even if the Court finds that she was notified of the CSP decision in June or July 2006, thereby triggering the forty-five-day limit to initiate EEO contact, the time period should be equitably tolled to deem her claim timely. Plaintiff cites the applicable tolling provision in the Code of Federal Regulations, which states that the Agency "shall extend the forty-five (45) day time limit in ¶ (a)(1) of this section when the individual shows . . . other reasons considered sufficient by the Agency. . . ." 29 C.F.R. § 1614.105(a)(2). Plaintiff then cites U.S. Equal Employment Opportunity Commission Management Directive MD-110, which states that "[o]ne of the first grounds for equitable tolling . . . is no reason to suspect discrimination at the time of the

disputed event." The EEO directive compels agencies, like the USPS, to toll the statutory time limit until an individual has enough information to support a "reasonable suspicion of discrimination."

Indeed, the Fifth Circuit has found that the "agency must waive the requirement if the employee lacked actual and constructive notice of the requirement; likewise, the agency must toll if outside events prevented the employee from [EEO contact]." *Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002) (citing 29 C.F.R. § 1614.105(a)(2)).

Even accepting Plaintiff's claims that she had no idea of the "who, what, where, and why" of the decision not to place her to the CSP pool until September 6, 2006, it is unreasonable for Plaintiff to assert that she had no "reasonable suspicion of discrimination" at the time she learned of the decision back in June or July 2006. Plaintiff does not assert that she was unaware of the requirement, nor does she claim that outside events prevented her from making EEO contact. The Court notes that Plaintiff worked as a "high-level EEO manager with extensive EEO experience," as the Postal Service stated in its dismissal of her formal EEO complaint. Although the Court affords no deference to the agency's decision, *Teemac*, 298 F.3d at 455, the factual record demonstrates that Miller's experience includes work as an investigator and manager in the EEO section. She had entered into a settlement agreement with the USPS only months earlier to resolve a prior race-discrimination claim. Plaintiff's assertion that she had "no knowledge" of an alleged discriminatory motive until September 2006 is immaterial. She only needed a "reasonable suspicion" in June or July 2006. Her work experience in the EEO area and prior claim against the USPS weigh strongly against

equitably tolling the limitations period.

Equitable tolling is "sparingly" granted, and its principles "do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "A district court may refuse to toll limitations because it interprets a statute or regulation to prohibit tolling or because it refuses to exercise its equitable discretion to toll." *Teemac*, 298 F.3d at 456. Plaintiff failed to exhaust her administrative remedies and now asks this Court to grant her a second bite at the apple. The Court declines this invitation to equitably toll the statutory time bar.

Thus, the Court finds summary judgment is warranted because Plaintiff failed to exhaust her administrative remedies, and equitable tolling is inappropriate here.

### IV. Conclusion

For these reasons, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims are hereby **DISMISSED with prejudice**. Plaintiff's motion for continuance of trial date is consequently **DENIED as moot**. Judgment will be entered by separate document.

**SO ORDERED**.

Signed December 11th, 2008.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE